UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SIMON E. KIRK,

                               Plaintiff,          08-CV-6016 (CJS)

       -vs-

                                                   DECISION AND ORDER

NEW YORK STATE DEPARTMENT OF
EDUCATION, RICHARD P. MILLS, Commissioner
of Education, NEW YORK STATE BOARD OF
REGENTS, and ROBERT M. BENNETT, Chancellor
of the New York State Board of Regents,

                               Defendants.

_____

APPEARANCES

For Plaintiff:              Margaret A. Catillaz, Esq.
                           A. Paul Britton, Esq.
                           Harter, Secrest & Emery LLP
                           1600 Bausch & Lomb Place
                           Rochester, New York 14604


For Defendants:            Gary M. Levine, Esq.
                           Office of the New York State Attorney General
                           144 Exchange Blvd., Suite 200
                           Rochester, New York 14614


INTRODUCTION

In this action, Plaintiff Simon Kirk ("Plaintiff"), a veterinarian and a citizen of

Canada, alleges that New York State Education Law § 6704 is unconstitutional, since it

restricts the granting of professional veterinarian licenses to United States Citizens and

1

aliens lawfully admitted for permanent residence in the United States.[1]  Now before the

Court is a motion [#10] by Defendants, for an order dismissing this action for improper

venue, or, in the alternative, transferring venue to the United States District Court for

the Northern District of New York.  For the reasons that follow, the application is denied.

BACKGROUND

Plaintiff is a Canadian citizen who is presently attempting to obtain Permanent

Resident Alien status in the United States.  Although Plaintiff is neither a United States

citizen or a Permanent Resident Alien, he has obtained Trade NAFTA ("TN") status,

which permits him to live and work in the United States temporarily.[2]  Although, as

mentioned above, the State of New York restricts veterinary licenses to United States

Citizens or aliens lawfully admitted for permanent residence in the United States,

Plaintiff was able to obtain a temporary waiver of those requirements by providing proof

"that there [was] a shortage of otherwise qualified veterinarians." Education Law §

6704(6).  As a result, Plaintiff has been practicing veterinary medicine in the Town of

Brighton, New York, for almost four years.  However, Plaintiff's waiver will expire in a

few months, and consequently, he is challenging the constitutionality of the citizenship

requirement found in Education Law § 6704(6).  Specifically, he alleges that the

requirement violates the 14th Amendment Equal Protection Clause, since it

"discriminates against aliens," and further violates the Supremacy Clause, since it

---

[1]Education Law § 6704(6) states, in relevant part: "To qualify for a license as a veterinarian, an applicant shall fulfill the following requirements: . . . (6) Citizenship or immigration status: be a United States citizen or an alien lawfully admitted for permanent residence in the United States;"

[2]The North American Free Trade Agreement ("NAFTA") allows certain Canadian and Mexican professionals temporary entry into the United States to practice their profession. *See*, 8 C.F.R. § 214.6.

2

conflicts with NAFTA.

Plaintiff brings this action pursuant to 42 U.S.C. § § 1981 and 1983.  According to the Complaint, venue in the Western District of New York is specifically and solely premised upon the Plaintiff's residence in the County of Monroe, State of New York. (Complaint [#1] ¶ 9) ("The United States District Court for the Western District of New York is a proper venue for this action because the plaintiff is a resident of Monroe County, New York.").

Defendants contend that venue is not proper in the Western District of New York, pursuant to 28 U.S.C. § 1391(b), because the Plaintiff's place of residence is irrelevant to venue, and because "[t]here are no other factual allegations in the complaint to support venue" in the Western District of New York. (Defendants' Memo of Law [#12] at 3).  Additionally, Defendants deny that they "reside" in the Western District for purposes of venue, or that a substantial part of the events or omissions giving rise to the claim occurred in the Western District.  With regard to residency, Defendants maintain that their official residences are in Albany, New York, which is located in the Northern District of New York.  More specifically, Defendants state:

> Although the New York State Department of Education has offices throughout New York State, the central office . . . is 89 Washington Avenue located in Albany, New York.
>
> The address for the New York State Board of Regents is located at Room 110 in the Education Building, 89 Washington Avenue in Albany, New York.
>
> Richard P. Mills is the Commissioner of the New York State Department of Education and his office is located in Room 111 of the Education Building, 89 Washington Avenue in Albany, New York.
>
> Robert Bennett is the Chancellor of the Board of Regents.  Mr. Bennett serves in his official capacity in the Regents Office, located at Room 110 of the Education

Building, 89 Washington Avenue in Albany, New York.

(Tahoe Affidavit ¶ ¶ 4-7) (paragraph numbering omitted).

In opposition to the motion, Plaintiff maintains that Defendants are residents of the Western District of New York, and that a substantial part of the events or omissions giving rise to the claim occurred here.  In support of those claims, Plaintiff argues that "the defendants have offices and personnel throughout the State of New York, not merely in Albany." (Kirk Affidavit ¶ 34).  In that regard, he contends that the New York State Education Department and the New York State Board of Regents maintain offices in the Cities of Rochester and Buffalo, which are located in the Western District. Plaintiff also maintains that "the principal effect of the [challenged provision of the statute] will be felt [in the Western District of New York], where [his] ability to practice [his] profession is in jeopardy," since he has lived and worked in the Western District of New York since 2002. (*Id.*).  Although these factors are different than the purported basis for venue contained in the Complaint (Plaintiff's residence), Plaintiff asks, in the alternative, that he be allowed to amend the Complaint.

On March 14, 2008, counsel for the parties appeared before the undersigned for oral argument of the motion.  At that time, the Court indicated that it would permit Plaintiff to amend the allegations in his Complaint pertaining to venue, to conform with the proof contained in the affidavits submitted in opposition to Defendants' motion.

## DISCUSSION

Defendants bring this motion to dismiss or transfer for improper venue, pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406.  FRCP 12(b)(3) provides for dismissal of claims due to "improper venue."  The burden is on the plaintiff to establish that venue is

4

correct.  However, where, as here, a court is asked to resolve a 12(b)(3) motion based upon pleadings and affidavits, "to avoid dismissal "the plaintiff need only make a prima facie showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citation and internal quotation marks omitted).  Moreover, a court "analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, [must] view all the facts in a light most favorable to plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (citation omitted).  If the plaintiff cannot establish that the chosen venue is correct, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406.

When applying FRCP 12(b)(3) and 28 U.S.C. § 1406(a), "[t]he threshold inquiry . . . is for the Court to determine whether the case is indeed in the "wrong" district, as that phrase is used in the statute." *SST Global Technology, LLC v. Chapman,* 270 F.Supp.2d 444, 452 (S.D.N.Y. 2003).  In this case, which is based on federal question subject-matter jurisdiction, the general venue statute is 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Here, Plaintiff argues that venue is appropriate in the Western District of New York under subsections (1) and (2) above.

First, Plaintiff contends that all Defendants reside in the Western District of New York because they maintain offices in this district.[3] It is undisputed that "[w]here, as here, public officials are sued in their official capacities, 'residence' for venue purposes is where they perform their official duties." *Andrew H. by Irene H. v. Ambach*, 579 F.Supp. 85, 88 (S.D. N.Y. 1984) (citation omitted).  Consequently, venue would clearly be appropriate in the Northern District of New York, since Defendants' primary offices are located in Albany.  However, many courts in this Circuit have found that a state official may have more than one official residence, if he maintains a satellite office in another judicial district. *See, Westchester Advocates for Disabled Adults v. Pataki*, 931 F.Supp. 993, 1002 (E.D.N.Y. 1996) ("[I]n a number of cases, the State of New York has been found to be resident in a district other than the Northern District of New York, its official residence at the state capitol on the basis of additional 'official residences.'"), *injunction vacated on other grounds at* 113 F.3d 394 (2d Cir. 1997).  A related issue is whether there must be some nexus between the state official's satellite office and the plaintiff's claim. *See, Id*. at 1001-1005.  The *Westchester Advocates* decision contains a thorough discussion of this point, and suggests that no such nexus is required. *Id*. at 1004 (*citing St. Regis Mohawk Tribe v. State of New York*, 774 F.Supp. 185, 186 (S.D.N.Y. 1991)).  In that regard, *Westchester Advocates* further notes that "[h]ardship to state officials from the plaintiff's choice of district for suit with respect to the production of witnesses and documentary proof can be remedied by transfer of venue pursuant to 28 U.S.C. § 1404(a)." *Id*.; *see also, Dollinger v. State Ins. Fund*, No. 98 CIV.

---

[3]Since it is clear that all of the Defendants reside in New York State, Plaintiff only need show that one defendant resides in the Western District to satisfy § 1391(b)(1).

0173(AGS), 1998 WL 321442 at *2 (S.D.N.Y. Jun. 18, 1998) ("In the instant case, the Court elects to follow the course taken by other district courts confronted with a similar situation, which is to find that venue exists for this action, and to decide the motion based upon the doctrine of forum non conveniens.").   In this case, the Court agrees with the rationale of *Westchester Advocates*, and finds that venue is appropriate in the Western District of New York pursuant to § 1391(b)(1), since Defendants reside in this district by virtue of having offices here.[4]   Accordingly, Defendants' motion to dismiss or transfer, with regard to § 1391(b)(1), is denied.

Since a reviewing court may disagree with the Court's analysis above, the Court will also consider Defendants' second argument that venue is improper under § 1391(b)(2).   In that regard, Plaintiff contends that a substantial part of the events or omissions giving rise to his claim occurred, or will occur, in the Western District, since he will experience economic harm in this district is he is unable to continue working at his current veterinary practice.

It is clear that in some cases, the fact that the Plaintiff suffers harm in a particular judicial district is sufficient to satisfy § 1391(b)(2).   For example, in *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865 (2d Cir. 1992), in which the plaintiff was asserting a claim under the Fair Debt Collection Practices Act, the Second Circuit found it sufficient, for purposes of § 1391(b)(2), that the plaintiff had received a dunning letter in the chosen forum. *See, Id.* at 868 ("In adopting [the Fair Debt Collection Practices Act], Congress

---

[4]Defendants have not moved to transfer venue pursuant to 28 U.S.C. § 1404, and during oral argument their counsel indicated that they will not do so, since they expect that the merits of this action will be resolved by summary judgment.

was concerned about the harmful effect of abusive debt collection practices on consumers. . . .   This harm does not occur until receipt of the collection notice. . . .   We conclude that receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act."); *see also, Daniel v. American Bd. Of Emergency Medicine*, 988 F.Supp. 127, 274 (W.D.N.Y. 1997) ("ABEM's denial of the applications and appeals of Dr. Daniel and five other individual Plaintiffs and the official communication of this action to Plaintiffs in New York is sufficient to constitute a substantial part of the events giving rise to Plaintiff's claims.") (citations omitted).   Other cases have held that the situs of the alleged harm to the plaintiff is a factor in deciding whether a substantial part of the events or omissions giving rise to a claim occurred in the particular district. *See, New York Mercantile Exch. v. Central Tours Int'l, Inc.*, No. 96 Civ. 8988 SAS, 1997 WL 370600 at *4 (S.D.N.Y. Jul. 1, 1997) ("The place where the harm occurred is also relevant for venue purposes.") (citation omitted); *but see, Astor Holdings, Inc. v. Roski*, No. 01 CIV.1905(GEL), 2002 WL 72936 at *9 (S.D.N.Y. Jan. 17, 2002) ("There is an obvious potential for unbounded venue if the courts were to find venue regardless of where the acts occurred, based solely on the existence of economic harm felt in the district where the plaintiff resides or is headquartered. Therefore, while the locus of the harm suffered is a factor to consider, the case law does not support the theory that venue is proper on an economic-effects inquiry alone.").

In this case, the Court finds that Plaintiff has shown that a substantial part of the events or omissions giving rise to his claim occurred in the Western District.   In

reaching this conclusion, the Court has considered the nature of the case, which is a challenge to the constitutionality of a statute enacted by the New York State legislature some eight years ago.  Under that statute, which Defendants are bound to apply, Plaintiff is currently ineligible to receive a veterinary license from the State of New York, regardless of where he lives.  In other words, the denial of Plaintiff's application is a fait accompli regardless of anything that may happen in the Western District or anywhere else.  Consequently, although the link between Plaintiff's claim and this district is tenuous, it does not appear that there is any other district that has a stronger connection to Plaintiff's claim, except possibly the Northern District of New York, where the statute was enacted, and where Defendants will presumably take the ministerial action of denying Plaintiff's application.  However, § 1391 "does not, as a general matter, require the District Court to determine the *best* venue." *Bates v. C & S Adjusters, Inc.*, 980 F.2d at 867 (emphasis added).  Under the particular facts of this case, the Court finds that venue is also appropriate under § 1391(b)(2).

## CONCLUSION

Defendants' motion [#10], for an order dismissing this action, or, in the alternative, transferring venue to the Northern District of New York, is denied.

SO ORDERED.

Dated:      March 24, 2008
            Rochester, New York

                              ENTER:


                               /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge