UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SIMON E. KIRK,

                        Plaintiff,                   08-CV-6016 (CJS)

    -vs-

                                                       DECISION AND ORDER

NEW YORK STATE DEPARTMENT OF
EDUCATION, et al.,

                      Defendants.
_____

## APPEARANCES

For Plaintiff:                  Margaret A. Catillaz, Esq.
                                A. Paul Britton, Esq.
                                Harter, Secrest & Emery LLP
                                1600 Bausch & Lomb Place
                                Rochester, New York 14604

For Defendants:           Gary M. Levine, Esq.
                                Office of the New York State Attorney General
                                144 Exchange Blvd., Suite 200
                                Rochester, New York 14614

## INTRODUCTION

After this Court granted summary judgment to Plaintiff under 42 U.S.C. § 1983 and awarded attorney's fees to Plaintiff pursuant to 42 U.S.C. § 1988, the United States Court of Appeals for the Second Circuit dismissed the appeal as moot and vacated the judgment. Now before the Court is Defendants' motion to vacate the attorney fee award. For the reasons that follow, the application is denied.

## BACKGROUND

The reader is presumed to be familiar with the facts of the case, which were set

forth in detail in the Court's Decision and Order [#44] granting summary judgment. Consequently, for purposes of the instant Decision and Order the Court will set forth an abbreviated statement of facts.

Simon Kirk ("Plaintiff"), a veterinarian and citizen of Canada, brought this action to challenge the constitutionality of New York State Education Law § 6704, which restricts the granting of professional veterinarian licenses to United States Citizens and aliens lawfully admitted for permanent residence in the United States. Although Plaintiff was neither a United States citizen nor a permanent resident alien, he had obtained a Trade Nafta Visa that permitted him to live and work in the United States temporarily.[1] Additionally, although the State of New York restricted the issuance of veterinary licenses to United States citizens and aliens lawfully admitted for permanent residence in the United States, Plaintiff obtained a temporary waiver of that requirement by providing proof "that there [was] a shortage of otherwise qualified veterinarians." Education Law § 6704(6). As a result, the State of New York issued Plaintiff a temporary license, pursuant to which he practiced veterinary medicine in the Town of Brighton, New York, for almost four years. During that time, Plaintiff did not apply for permanent resident status.

In January 2008, with seven months remaining on his temporary waiver from the State of New York, Plaintiff commenced the subject action, pursuant to 42 U.S.C. §§ 1981 and 1983, challenging the constitutionality of the citizenship requirement in Education Law § 6704(6). Specifically, Plaintiff requested a declaratory judgment and

---

[1]The North American Free Trade Agreement ("NAFTA") allows certain Canadian and Mexican professionals temporary entry into the United States to practice their profession. *See*, 8 C.F.R. § 214.6.

injunctive relief, "preliminarily and permanently enjoining the defendants from applying or enforcing the provisions of [the statute] in connection with an application by the plaintiff for a professional license as a veterinarian, or from denying the plaintiff the right to obtain a professional license solely because he is not a citizen of the United States or the holder of permanent resident status." (Complaint at 8-9).

On March 17, 2008, Plaintiff moved for summary judgment, and on May 7, 2008, Defendants cross-moved for the same relief. On June 23, 2008, the Court granted summary judgment to Plaintiff on the merits and denied summary judgment to Defendants.

On July 21, 2008, Plaintiff moved for an award of attorney's fees, pursuant to 42 U.S.C. § 1988(b). While that application was pending, on July 24, 2008, Defendants filed a Notice of Appeal to the Second Circuit.[2] [3]

On July 28, Defendants filed a motion seeking a stay of the Court's Decision and Order granting summary judgment to Plaintiff, pending the outcome of the appeal. (Docket Nos. [#56,57]). In support of the motion, Defendants indicated that the Court's Decision and Order [#44] essentially required them to immediately issue a permanent veterinary license to Plaintiff:

[A]t the present time, Dr. Kirk meets all other requirements for permanent

---

[2] Specifically, the Notice of Appeal appealed from the Court's "decisions and orders dated March 24, 2008 [denying Defendants' motion to dismiss or transfer venue] and June 23, 2008 and from the judgment dated June 24, 2008." (Notice of Appeal [#53]).

[3] On October 15, 2008, Defendants filed a declaration [#65], stating that they did not oppose Plaintiff's request for attorney's fees, although they opposed any enhancements to Plaintiff's lodestar amount, but urging the Court to stay any decision on attorney's fees until after the resolution of the appeal, to avoid placing Defendants in the position of having to collect fees previously paid if the Court's decision was reversed on appeal.

3

> licensure as a veterinarian, except for the citizenship or permanent lawful resident requirement contained in § 6704(6) of the Education Law.
>
> Absent a stay of enforcement of this Court's determination [that such statute is unconstitutional], the New York State Education Department would have no grounds for denying permanent lifetime licensure to plaintiff, and would be irreparably injured if this Court's ruling was overturned on appeal.

(Munoz Affidavit [#56] ¶ ¶ 5-6). With regard to irreparable injury, Defendants further maintained that once a permanent license was issued to Plaintiff, the license could not be revoked, even if the Court's decision granting summary judgment was overturned on appeal. *Id*. ¶ ¶ 7-9. Following oral argument on the motion for a stay, the Court orally indicated that it would deny the application. In response, Defendants indicated that they would immediately issue Plaintiff a permanent veterinarian's license. (Audiotape of Oral Argument held on July 31, 2008, 11:51:54-11:52:55).

On January 9, 2009, the Court issued an Order [#71] finding that Plaintiff was the "prevailing party," and awarding him attorney's fees and disbursements in the total amount of $74,349.44.[4]

At some point prior to December 2009, Plaintiff applied to the United States government for permanent resident status. In December 2008, Plaintiff's application was granted. Consequently, Plaintiff qualified to receive a veterinary license under Education Law § 6704(6).

On June 24, 2009, the Second Circuit dismissed Defendants' appeal as moot, stating, in relevant part:

---

[4] According to Plaintiff's counsel, as of July 2009, Defendants had not paid any of that amount to Plaintiff.

4

> We find this appeal to be moot in light of the United State's grant of permanent legal residency status to Plaintiff-Appellee in December 2008. Since this appeal is moot by virtue of the actions of neither party, it is hereby ORDERED that the application to dismiss is GRANTED and the district court's decision is VACATED. Defendants-Appellants have represented that they will not seek to revoke Plaintiff-Appellee's permanent veterinary license for reasons related to this action.

(Second Circuit's Mandate [#72]) (citations omitted).

On July 7, 2009, Defendants filed the subject letter-motion, asking the Court to vacate the attorneys fee award, "[i]n light of the fact that the plaintiff has not prevailed on the merits of the action." (Letter of Gary Levine, Esq. dated July 7, 2009). The same day, Plaintiff responded by letter, stating, in relevant part: "The dismissal of the action by the Second Circuit due to a determination of mootness does not require that this Court's decision on attorney's fees be disturbed. The plaintiff was the prevailing party in the District Court based on a determination on the merits. The fee award should stand." (Letter of Margaret Catillaz, Esq. dated July 7, 2009).

Subsequently, the parties submitted additional written argument. (See, Docket Nos. [#76] [#77]).

DISCUSSION

The issue before the Court is whether Plaintiff is a "prevailing party" under 42 U.S.C. § 1988(b) as a result of obtaining judgment on the merits at the district court level, and after receiving essentially all of the relief that was being sought, even though the judgment was later vacated as moot, due to events occurring outside of this action. More specifically, the appeal, and the entire case, became moot because Plaintiff successfully pursued an alternate route of obtaining a veterinarian's license, by applying for and obtaining permanent resident status.

5

42 U.S.C. § 1988(b) provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of sections 1981 . . . [or] 1983 . . . of this title . . . the court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b) (West 2009) (emphasis added). To qualify as a "prevailing party," "a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but the change must also be judicially sanctioned." *Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835 (2001); other citations omitted). To materially alter the parties' legal relationship, a litigant need not succeed on all of its claims:

> The Supreme Court has held that to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. A party need not succeed on every issued raised by him, nor even the most crucial one. Victory on a significant claim will suffice to give him prevailing party status. The degree of success on the merits does not alter plaintiff's eligibility for a fee award, although it may decrease the amount of the award.

*LaRouche v. Kezer*, 20 F.3d 68, 71 (2d Cir. 1994) (citations omitted). Moreover, "[t]he definition of prevailing parties is not limited to those who obtain a favorable judgment following a full trial." *Id*. For example, a party who obtains preliminary injunctive relief on the merits may be entitled to attorney's fees, even if the case is later mooted. *Id*. at 75 ("If a claim is mooted, interim injunctive relief may be a basis for an award of attorney's fees, if plaintiff has prevailed on the merits at the interim stage."); *see also, Associated Gen. Contractors of Connecticut, Inc. v. City of New Haven*, 41 F.3d 62, 68 n. 9 (2d Cir. 1994) ("[M]ootness is not determinative as to the propriety of an award of

6

attorney's fees . . . . The attorney's fees question turns instead on a wholly independent consideration: whether plaintiff is a 'prevailing party.'") (citations omitted).

Here, Plaintiff succeeded in obtaining summary judgment on the merits of his claim, which is a greater degree of success than merely obtaining preliminary injunctive relief. Accordingly, the Court finds that Plaintiff is a prevailing party for purposes of 42 U.S.C. § 1988, notwithstanding the fact that the case became moot while on appeal.

Defendants maintain that the fee award should be vacated, as a result of the Supreme Court's ruling in *Sole v. Wyner*, 551 U.S. 74, 127 S.Ct. 2188 (2007). In *Sole*, the Supreme Court held that a plaintiff who obtains a preliminary injunction but is later denied a permanent injunction after a "dispositive adjudication on the merits" is not a prevailing party. *Id.*, 551 U.S. At 77-78, 127 S.Ct. At 2191-2192 ("A plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded."). However, the Court agrees with Plaintiff that *Sole* is not on point, since it involved a favorable ruling that was later reversed on the merits, while the instant case involves a judgment that was vacated as moot without regard to the merits. *See, Trudeau v. Bockstein*, No. 05-cv-1019 (GLS-RFT), 2008 WL 3413903 at *3 (N.D.N.Y. Aug. 8, 2008) ("[T]he holding in *Sole* was targeted at preliminary injunctions which are subsequently dissolved on the merits, not preliminary injunctions which are dissolved on grounds such as mootness."). To the extent that Defendants contend that the vacatur of this Court's judgment involved a determination on the merits, the Court disagrees.

Defendants also maintain that it would be unfair to require them to pay Plaintiff's attorney fees, since they were prevented from obtaining review of this Court's judgment on appeal. The Second Circuit, though, has rejected that argument. *See, Haley v. Pataki*, 106 F.3d 478, 483-484 (2d Cir. 1997) ("Defendants also argue that, where an appeal by a party enjoined is dismissed as moot, it is inherently unfair to award attorney's fees to the plaintiff when the party enjoined has been deprived the right to appellate review. However, a determination of mootness neither precludes nor is precluded by an award of attorneys' fees. If it is clear that the district court has had the opportunity to render a ruling on the merits of the claim, then a court may award attorney's fees if it finds that plaintiff is a 'prevailing party.'") (citations and internal quotation marks omitted).

To summarize, because Plaintiff obtained a judicially-sanctioned, material alteration of the parties' legal relationship on the merits, which was not later reversed on the merits, Plaintiff is a prevailing party under 42 U.S.C. § 1988(b).

Lastly, Plaintiff maintains that he is entitled to interest on the attorney fee award, running from June 24, 2008, the date that he was granted summary judgment, as opposed to January 9, 2009, the date the Court granted the application for attorney's fees. Plaintiff's argument recognizes the fact that, "it is an open question in the Second Circuit whether interest runs from the date of the judgment establishing the right to the award of attorneys fees or from the date of the judgment establishing its quantum." *Albahary v. City and Town of Bristol, Conn.*, 96 F.Supp.2d 121, 122 (D.Conn. 2000). However, the majority position, which this Court will follow, is that such interest should be calculated from the date of the judgment establishing the right to the award. *See,*

*Moran v. Sasso*, Civil Action No. 05-4716 (DRH)(ETB), 2009 WL 1940785 at *7 (E.D.N.Y. Jul. 2, 2009) ("Courts within the Second Circuit routinely adhere to the 'majority rule' that post-judgment interest accrues from the date the party becomes entitled to the award of attorney's fees.") (citations omitted). Accordingly, Plaintiff is entitled to post-judgment interest on the award from June 24, 2008 until the award is paid.

## CONCLUSION

Defendants' motion [#74] to vacate the order awarding attorney's fees is denied.

SO ORDERED.

Dated: November 24, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge